# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHESTER COACHMAN, JR. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| ) | 1:19-CV-04473-LMM-WEJ |
| v. ) | |
| ) | |
| COBB COUNTY, ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Chester Coachman, Jr. ("Plaintiff" or "Mr. Coachman"), by and through the undersigned counsel, files this First Amended Complaint for Damages against Defendant Cobb County ("Defendant" or "Cobb County"),[1] showing this Honorable Court as follows:

## INTRODUCTION

This is an action for race discrimination in violation of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. Plaintiff seeks

---

[1] Plaintiff filed his original Complaint against "Cobb County Sheriff's Office" on October 4, 2019. Thereafter, on November 18, 2019, Defendant Cobb County Sheriff's Office filed a Motion to Dismiss arguing that it was not a proper party to this lawsuit. Thus, Plaintiff has filed this First Amended Complaint to include the correct party – Cobb County – to this action.

1

to recover all permissible damages under controlling law as a result of Defendant's willful violation of his right to be free from race discrimination.

## PARTIES

1.

Mr. Coachman is a citizen of the United States and a resident of the State of Georgia. Mr. Coachman submits herself to the jurisdiction of this Court.

2.

Defendant is a political subdivision of the State of Georgia subject to suits of this kind and nature. Defendant may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and other applicable law, including, but not limited to, by serving a copy of the Complaint and Summons on Cobb County Sheriff Neal Warren at his pace of business: Public Safety Building, 185 Roswell Street, Marietta, Georgia 30090.

3.

At all times relevant to this action, Mr. Coachman was an employee within the meaning of Title VII.

4.

At all times relevant to this action, Defendant was an "employer" as defined by Title VII. At all times relevant to this action, Defendant engaged in an industry

affecting commerce and has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

5.

At all times material to this Complaint, Mr. Coachman and Defendant were parties to a contract under which Mr. Coachman agreed to work for Defendant and Defendant agreed to compensate Mr. Coachman for his services.

**JURISDICTION AND VENUE**

6.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367(a), 29 U.S.C. §1132 and other applicable law.

7.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

8.

Defendant regularly conducts business within this State and District.

10.

Defendant is subject to the jurisdiction of this Honorable Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.

Mr. Coachman has properly exhausted all administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Mr. Coachman received a Notice of Right to Sue from the EEOC within the last 90 days and has complied with all other conditions precedent to the institution of this lawsuit.

## FACTUAL BACKGROUND

12.

Defendant hired Mr. Coachman, an African-American male, in January 2008 as a Deputy Recruit. Since that time, Mr. Coachman has worked and excelled in various positions, including Deputy Sheriff.

13.

Throughout his entire employment, Mr. Coachman diligently and faithfully performed his job duties and achieved positive business results. Given his work ethic and dedication to achievement, Mr. Coachman consistently exceeded his performance objectives.

14.

Although Mr. Coachman excelled in his role, Defendant treated him differently than his Caucasian counterparts with respect to the terms, conditions and privileges of his employment, because of his race.

15.

In particular, Defendant, among other things:

(a) held Mr. Coachman to different standards, work rules, and expectations;

(b) disciplined Mr. Coachman more severely than his Caucasian counterparts, who engaged in the same, similar, or worse conduct;

(c) assigned Mr. Coachman less desirable work in an effort to embarrass and humiliate him so that he could resign; and

(d) harassed and degraded Mr. Coachman by micro-managing and highly scrutinizing his work;

(e) subjected Mr. Coachman to profane language as part of its harassment;

(f) demoted Mr. Coachman; and

(g) failed to reinstate Mr. Coachman to a sworn deputy position following his P.O.S.T. recertification.

16.

On or about July 13, 2017, Mr. Coachman was falsely arrested in Tallahassee, Florida. Mr. Coachman's court case resulting from this arrest was ultimately dismissed on March 20, 2018.

17.

The Georgia Peace Officer Standards and Training Council (P.O.S.T.) suspended Mr. Coach's P.O.S.T. certification as a result of the July 2017 arrest and subsequent court case.

18.

Following the disposition of the Tallahassee case, P.O.S.T. reinstated Mr. Coachman's certification in February 2019.

19.

In August 2017, Defendant demoted and reassigned Mr. Coachman to a Criminal Justice Specialist position pending the resolution of his Tallahassee case.

20.

While awaiting a decision to be re-instated back to a sworn deputy, Defendant assigned Mr. Coachman to work details that no similarly situated Deputy have had to perform, including cleaning showers, trash, dirty laundry and jail cells smeared in feces and old food without proper materials or equipment.

21.

Defendant subjected Mr. Coachman to disparate treatment while working as a CJS by assigning demeaning and degrading tasks designed to make him resign from Defendant.  As noted, other CJS's or officers with a suspended P.O.S.T. certification did not have to perform the duties Defendant required Mr. Coachman to perform.

22.

By February 2019, Mr. Coachman was eligible for a certified position (i.e. Deputy Sheriff).  Rather than reinstate Mr. Coachman to a sworn deputy position like it had done to similarly-situated Caucasian officers following their P.O.S.T. recertification, Defendant continued to assign Mr. Coachman to less desirable work including detail picking up dirty trays and dirty laundry.

23.

From February 2019 through May 2019, Mr. Coachman repeatedly inquired about when Defendant would reinstate him to a sworn deputy position.  On or about May 3, 2019, Defendant informed Mr. Coachman that it would not reinstate him as a sworn deputy even though P.O.S.T. had reinstated his certification.

24.

Defendant's stated reasons for demoting and failing to reinstatement Mr. Coachman to a Deputy Sheriff position are false and pretext for race discrimination.

## COUNT I
## RACE DISCRIMINATION (DISCHARGE)
## IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

25.

Mr. Coachman incorporates by reference herein all preceding Paragraphs of the Complaint.

26.

Defendant subjected Mr. Coachman to treatment that was disparate from other similarly situated Caucasian employees.

27.

Defendant discriminated against Mr. Coachman with respect to the terms and conditions of his employment, including work assignments, demotion, pay, and disciplining Mr. Coachman (i.e., failing to reinstate to sworn position) more harshly than his Caucasian counterparts who engaged in the same, similar, or worse infractions because of his race (African-American).

28.

The reasons asserted by Defendant for Mr. Coachman's treatment are false and pretext for race discrimination.

29.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Mr. Coachman's federally protected rights.

30.

As a direct and proximate result of Defendant's conduct, Mr. Coachman is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, compensatory damages, pre-judgment interests, attorneys' fees and costs of litigation.

31.

As a direct and proximate result of Defendant's conduct, Mr. Coachman has been deprived income in the form of wages as well as other benefits of employment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Coachman demands a **TRIAL BY JURY** and that the following relief be granted:

a.	That Summons issue requiring Defendant to answer the Complaint within the time provided by law;

b. Declaratory judgment that Defendant violated Title VII, and 42 U.S.C. §1981;

c. An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII, and 42 U.S.C. §1981;

d. Full back pay from the date of Mr. Coachman's unlawful demotion and failure to reinstate to a sworn deputy position, taking into account all raises and benefits to which she would have been entitled to but for Defendant's unlawful actions, including, but not limited to, all fringe benefits of employment;

e. Compensatory damages in an amount to be determined by the enlightened conscience of the jury to compensate Mr. Coachman for the significant mental, emotional and physical distress he has suffered as a result of Defendant's discriminatory conduct;

f. Reinstatement of Mr. Coachman to sworn deputy position with Defendant;

g. Reimbursement of Mr. Coachman's out of pocket expenses incurred because of Defendant's unlawful actions;

h. Attorney's fees and costs of litigation;

i. Prejudgment interest; and

j.     Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 3rd day of December, 2019.

                                   **PRIOLEAU, MILFORT & RIVERS, LLC**

                                   <u>/s/ Job J. Milfort</u>
                                   Job J. Milfort, Esq.
                                   Georgia Bar No. 515915
                                   job@pmlawteam.com

                                   3800 Camp Creek Parkway
                                   Building 1800, Suite 124
                                   Atlanta, Georgia 30331
                                   Phone: (404) 681-4886
                                   Fax: (404) 920-3330

                                   *Attorneys for Plaintiff Chester Coachman, Jr.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a 14-point size.

/s/ Job J. Milfort
Job J. Milfort, Esq.
Georgia Bar No. 515915

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER COACHMAN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | 1:19-CV-04473-LMM-WEJ |
| v. | ) | |
| | ) | |
| COBB COUNTY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on December 3, 2019, I electronically filed the foregoing Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

    Mark A. Adelman, Senior Associate County Attorney
    Lauren S. Bruce, Assistant County Attorney

    COBB COUNTY ATTONREY'S OFFICE
    100 Cherokee Street, Suite 350
    Marietta, Georgia 30090

I further certify that the foregoing document was prepared using 14 point Times New Roman font.

This 3rd day of December, 2019.

/s/ Job J. Milfort
Job J. Milfort, Esq.
Georgia Bar No. 515915
